THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHITWORTH PARK, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BELLINGHAM,<br><br>Defendant. | CASE NO. C10-1419-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

Defendant moves for summary judgment on October 20, 2011 on two bases: (1) because Plaintiff, a LLC, was not represented by a licensed attorney, as required by law; and (2) because the LLC had purportedly ignored the case and refused to communicate with Defendant's attorneys since the end of June, when its prior attorneys withdrew from the case. (Dkt. Nos. 17-19.)

On November 17, 2011, the Court instructed Plaintiff that it must retain new counsel or face dismissal of the case. (Dkt. No. 21.) Plaintiff subsequently retained counsel and filed a response to Defendant's motion for summary judgment. (Dkt. Nos. 23, 27.) In light of the

appearance of counsel, Defendant acknowledges that the first ground of its summary judgment motion is rendered moot. (Dkt. No. 29.)

With respect to Defendant's second ground for summary judgment, failure to prosecute, the Court is not convinced that the delay in this case (estimated between four and sixth months) is so egregious as to warrant the harsh penalty of dismissal for failure to prosecute. *See Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (stating that dismissal for failure to prosecute "is a harsh penalty and is to be imposed only in extreme circumstances"). Indeed, public policy favors disposition of cases on the merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998). This public policy is particularly strong in cases like this one, which are brought pursuant to the Federal Civil Rights Act, 42 U.S.C § 1983. *Id*.

The Court further rejects Defendant's request for sanctions in the form of attorneys' fees and costs for delay and failure to prosecute the case. While the Court recognizes the inconvenience and frustration Defendant has experienced, "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The evidence does not establish that Plaintiff acted in bad faith or engaged in dilatory litigation practices. Furthermore, Plaintiff has demonstrated that it is currently willing and able to move forward with this case. Sanctions would be unduly punitive.

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 17) is DENIED.

DATED this 3rd day of February 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE